**FILED**

SEP 09 2010

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| HARRY MARTINEZ, | ) | Civil File No. _10 -5073_ |
|           Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARK KIMBALL, THOMAS CONGER, | ) | **COMPLAINT** |
| AND ROBERT ZILVERBERG, AS | ) | |
| MEMBERS AND/OR AGENTS OF THE | ) | |
| SOUTH DAKOTA STATE BRAND | ) | |
| BOARD AND INDIVIDUALLY; | ) | |
| SOUTH DAKOTA STATE BRAND | ) | |
| BOARD; AND JOHN DOES NOS. 1-10, | ) | |
| | ) | |
|           Defendants. | ) | |

COMES NOW the Plaintiff, by and through his attorney of record, Michael W. Strain of the Morman Law Firm, and for his cause of action, states and alleges as follows:

JURISDICTIONAL STATEMENT

1.      Plaintiff Harry Martinez is a resident of Custer County, South Dakota.

2.      Defendants Mark Kimball, Thomas Conger, and Robert Zilverberg (hereinafter referred to as Defendants) are residents of Charles Mix, Custer, and Hyde Counties, South Dakota, respectively.

3.      Defendant South Dakota State Brand Board (hereinafter referred to as Defendant Brand Board) is a state agency board, created pursuant to South Dakota Codified Law Chapter § 40-18, with its principal place of business located at 209 West Dakota Avenue, Pierre, South Dakota.

4.      Defendants John Does Nos. 1-10 are residents of one or more counties in South Dakota.

5.      Plaintiff was hired as a Criminal Investigator by Defendant Brand Board on April 27, 2006, and maintained that position until Plaintiff's employment was terminated on August 26, 2009, effective August 28, 2009.

6.      This is an Action for money and damages brought for the retaliatory discharge of Mr. Martinez for exercising his obligations as a criminal investigator for Defendant Brand Board, and also for collection of past wages due and owing for overtime service.

7.      Jurisdiction of this Court is based on 28 USC §§ 1331 and 1343(a), 42 USC §§ 1983 and 1985, and the Fair Labor Standards Act (FLSA) of 1938, 29 USC §§ 201 et seq., 216(b).

## PRELIMINARY ALLEGATIONS

8.      Plaintiff alleges Paragraphs 1 through 7, inclusive, as if fully set forth herein.

9.      Defendant's direct supervisor throughout his employment with Defendant Brand Board was Defendant Robert Zilverberg.

10.     Defendant Zilverberg was an agent and/or employee of Defendant Brand Board and, in taking the action alleged in this complaint, was acting within the course and scope of that agency and/or employment.

11.     Throughout Plaintiff's employment, his repeated requests for a formal performance evaluation went unanswered. Defendant Zilverberg, however, repeatedly stated to Plaintiff that he was doing great and that, if Plaintiff did anything wrong, Defendant Zilverberg would let Plaintiff know. Plaintiff was never advised by Defendant Zilverberg or anyone else on behalf of Defendant Brand Board that Plaintiff's job performance was unsatisfactory.

12.     Early in his employment with Defendant Brand Board, Plaintiff received information that certain members of Defendant Brand Board were violating brand laws by moving cattle across state lines and branding over existing brands. Such offenses constituted a Class One Misdemeanor and a Class Five Felony, respectively, at the time Plaintiff obtained the information. Plaintiff shared the reported information with Defendant Zilverberg.

13.     Defendant Zilverberg advised Plaintiff that he would investigate the report because it involved members of Defendant Brand Board.

14.    In January 2007, Plaintiff learned of a pending legislative bill that would decrease the penalty for moving cattle across state lines to a Class Two Misdemeanor.

15.    In January 2007, Plaintiff inquired as to the status of the investigations against the members of Defendant Brand Board and was told by Defendant Zilverberg that the new bill would be good in case the member of Defendant Brand Board was formally charged.

16.    Defendant Zilverberg shared no information with Plaintiff, and Plaintiff heard nothing further of Defendant Zilverberg's investigations until sometime after January 2008.

17.    Between January 2008 and early fall 2009, Plaintiff inquired as to the status of the investigations several times from Defendant Zilverberg.

18.    Plaintiff became more aggressive with his inquiries from Defendant Zilverberg as the fall of 2009 approached and finally began to follow up and make inquiries of his own.

19.    In August 2009 and up to two days before his firing, Plaintiff inquired on three different occasions from Defendant Zilverberg how Plaintiff was doing with his employment responsibilities and inquired as to whether improvement was needed in any areas. Plaintiff was informed by Defendant Zilverberg that he was doing fine, and no areas of improvement were mentioned.

20.    On August 25, 2009, the member of Defendant Brand Board about whom the report was made in the fall of 2007 announced during an open Board meeting that he had been violating the brand laws for years and that no action had ever been taken against him. This was noted in a report by Plaintiff.

21.    Plaintiff's employment was terminated by letter dated August 26, 2009, received by Plaintiff via certified mail. Said letter notified Plaintiff "of the end of your appointment as an exempt employee of the South Dakota Brand Board." The letter provided that Plaintiff's last day would be August 28, 2009, ending at 5:00 p.m.

22.    Plaintiff was terminated from his position as a Criminal Investigator for Defendant Brand Board on August 26, 2009, effective August 28, 2009.

23.    Plaintiff has at all times duly performed all the conditions of Plaintiff's employment until prevented from doing so by Defendants. At all times relevant to this complaint, Plaintiff has been ready, willing, and able to perform his job.

24.    Due to the actions of Defendants, Plaintiff is entitled to reinstatement to his position and reimbursement for all wages and benefits to which he would have been entitled had he not been wrongfully terminated.

## FIRST CAUSE OF ACTION:
## FAILURE TO PAY OVERTIME COMPENSATION

25.    Plaintiff incorporates by reference the allegations stated in Paragraph 1 through 25, inclusive, as if fully set forth herein.

26.    During the times specified herein and at all times relevant to this complaint, Plaintiff was entitled to and Defendant Brand Board was legally obligated pursuant to 29 USC § 213 to pay Plaintiff compensation at the rate of time and one-half for hours worked in excess of forty hours per work week.

27.    Plaintiff frequently worked in excess of 40 hours per work week, and his hours were regularly submitted to Defendant Zilverberg, but, notwithstanding Defendant Brand Board's promise and legal obligation, Defendant Brand Board failed to pay Plaintiff the overtime compensation due.

28.    Plaintiff kept a calendar of hours worked during Plaintiff's employment with Defendant Brand Board each week. On receipt of his paychecks, Plaintiff noted that proper overtime was not always paid. Defendant Brand Board, through Defendant Zilverberg continually assured Plaintiff that the overtime compensation would be paid in due course; however, Defendant Brand Board never paid the overtime compensation, and Plaintiff's employment was terminated as of August 28, 2009.

29.    On December 15, 2009, Defendant Brand Board, through the South Dakota Bureau of Personnel, sent Plaintiff a written acknowledgement of its contractual and statutory obligation to pay Plaintiff the back overtime wages due him. In the writing, a copy of which is attached hereto, marked as Exhibit "A," and incorporated herein by reference, Plaintiff was offered the sum of $37,504.77, which, according to the Bureau of Personnel, represented two years' worth of his overtime pay. Plaintiff declined to accept that amount because he is in fact entitled to overtime pay extending back three years.

30.     Defendant Brand Board failed to pay the Plaintiff wages at the statutorily required rate because it did not accurately record and pay employees for all hours worked in a work week as a matter of policy as required under the FLSA, including §§ 29 USC 206 et seq., and 29 C.F.R. §§ 785.11, 785.12, and 785.13.

31.     Plaintiff is entitled to damages equal to the amount of all uncompensated time within the three years preceding the filing of this Complaint plus the period of equitable tolling. Defendant Brand Board's failure to pay Plaintiff his wages was "willful" within the meaning of § 6(a) of the Portal-to-Portal Pay Act as amended, 29 USC § 255(a), because Defendant Brand Board did not act in good faith in failing to compensate its hourly employees for the time in which they were suffered or permitted to work and had no reason to believe that its failure to do so was not a violation of the FLSA and other federal laws within the meaning of Section 11 of the Portal-to-Portal Act as amended, 29 USC § 260. Alternatively, should the court find that Defendant Brand Board did not act willfully in failing to pay overtime pay, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate, reasonable attorney's fees, and costs pursuant to 29 USC § 216(b).

32.     Pursuant to 29 USC 216(b), Plaintiff alleges that he is entitled to unpaid wages from Defendant Brand Board for work performed which was not compensated as required by law. In addition, Plaintiff alleges his entitlement to liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 USC § 201 et seq.

## SECOND CAUSE OF ACTION: RETALIATORY DISCHARGE

33.     Plaintiff incorporates by reference Paragraphs 1 through 30, inclusive, as if fully set forth herein.

34.     Plaintiff's termination was wrongful because it violated 42 USC §§ 1983 and 1985 and the public policy of the State of South Dakota in that Plaintiff's termination was in retaliation by Defendants and Defendants John Doe Nos. 1-10 for Plaintiff reporting the criminal activity of a member of Defendant Brand Board to Plaintiff's supervisor and for Plaintiff's persistence and continued follow-up with his supervisor as to the status of the investigation into the criminal activity.

35.     As a direct, foreseeable, and proximate result of the named Defendants' wrongful termination of Plaintiff in violation of 42 USC §§ 1983 and 1985 and the Public Policy of the State of South Dakota, Plaintiff has lost and will continue to lose

income and benefits and has suffered and continues to suffer humiliation and embarrassment, all in an amount to be determined at trial.

36. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against the named Defendants in an amount appropriate to punish and make examples of them.

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. Judgment against Defendants for overtime compensation due and owing in an amount to be determined by the Court;

2. Judgment against Defendants for compensatory damages, including, lost wages and benefits, in an amount to be determined by the jury;

3. Punitive damages;

4. Attorney's fees and costs;

5. Prejudgment interest on all amounts claimed; and

6. Such other and further relief as the court considers just and proper.

Dated this _8_ day of _Septhe_, 2010.

MORMAN LAW FIRM

BY: _____
    Michael W. Strain
    Attorney for Plaintiff
    850 Main Street
    Sturgis, South Dakota 57785

**TRIAL BY JURY IS HEREBY DEMANDED**